UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

SEAN LONG, LLC,

          Plaintiff,

  v.  :  Civil Action No.

SHIRLEY B. SOMERMAN,
THE SHIRLEY B. SOMERMAN REVOCABLE
DECLARATION OF TRUST, and
BRIAN SOMERMAN,

          Defendants.
_____

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendants Shirley B. Somerman, The Shirley B. Somerman Revocable Declaration of Trust, and Brian Somerman, (collectively, "Defendants"), hereby removes the action styled Sean Long, LLC v. Shirley B. Somerman, *et al.*, Civil Action No. 250803401 (the "State Court Action"), from the Philadelphia County Court of Common Pleas to this Court.

## Background

1. Plaintiff, Sean Long, LLC ("Plaintiff"), commenced the State Court Action by filing a complaint against Defendants on August 28, 2025. A true and correct copy of the complaint is attached hereto as Exhibit 1.

2. As of the date hereof, only Defendant Shirley B. Somerman has been served with a copy of the Complaint.

3. Defendants The Shirley B. Somerman Revocable Declaration of Trust and Brian Somerman have not yet been served with a copy of the Complaint.

4. Pursuant to 28 U.S.C. § 1446(a), the complaint constitutes all process, pleadings and orders served upon Defendants as of the filing of this Notice of Removal.

5. In the complaint, plaintiff alleges the follow claims against all defendants:

   a. breach of contract (count I);

   b. breach of purchase option agreement (count II);

   c. unjust enrichment (count III);

   d. declaratory judgment (count IV);

   e. accounting (count V);

   f. breach of implied covenant of good faith and fair dealing (count VI); and

   g. civil conspiracy (count VIII).

6. In the complaint, plaintiff alleges the follow claims against Brian Somerman:

   a. fraud (count VII); and

   b. breach of fiduciary duty / constructive trust (count IX).

**Diversity of Citizenship Jurisdiction Requirements Are Satisfied**

7. 28 U.S.C. § 1332(a)(1) provides that the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between citizens of different States.

8. The allegations made by Plaintiff in its Complaint provide a basis for diversity of citizenship jurisdiction in the district courts.

9. Plaintiff Sean Long, LLC is a limited liability company.

10. For purposes of diversity of citizenship jurisdiction, an LLC is a citizen of every state of which any of its members is a citizen.

11. Upon information and belief, all members of Sean Long, LLC are domiciled in and are citizens of the Commonwealth of Pennsylvania, including member Sean Long, whose home address is in Delaware County, Pennsylvania.

12. Defendant Shirley B. Somerman is an individual who is domiciled in and is a citizen of the State of Florida. She established her Florida domicile in June 1989, and claims the Florida Homestead Exemption on her Florida property. Her address at 6207 Lilac Court, Lansdale, PA 19446, is a secondary vacation residence only. See Exhibit 2 (Affidavit of Shirley B. Somerman).

13. Defendant Brian Somerman is an individual who is domiciled in and is a citizen of the State of Florida. He established his Florida domicile and claimed the Florida Homestead Exemption on his Florida property in October 2023. See Exhibit 3 (Affidavit of Brian Somerman).

14. Defendant The Shirley B. Somerman Revocable Declaration of Trust's citizenship is determined by the domicile of its Trustee(s). Shirley B. Somerman and Brian Somerman are the Co-Trustees (see Exhibit 4), and as both are domiciled in Florida, the Trust is exclusively a citizen of the State of Florida.

15. The allegations set forth in Plaintiff's Complaint satisfy the amount in controversy requirement for diversity of citizenship jurisdiction. By way of example, but not limitation, Plaintiff alleges as follows:

    a. "As a direct and proximate result of Defendants' breaches, Plaintiff has suffered damages . . . exceeding $ 250,000." Id. at ¶ 39.

    b. "As a direct and proximate result of Defendants' breach, Plaintiff faces imminent loss of Purchase Option rights valued at over $1 million." Id. at ¶ 46.

    c. "Plaintiff has conferred substantial benefits upon Defendants totaling over $ 750,000" Id. At ¶ 48.

    d. "Plaintiff has suffered damages exceeding $ 250,000" Id. at ¶ 73.

    e. "Plaintiff has suffered damages exceeding $ 1,500,000" Id. at ¶ 80.

    f. "Plaintiff has suffered damages exceeding $ 200,000" Id. at ¶ 86.

16. Based on the substance of Plaintiff's allegations in its Complaint filed in the State Court Action, as well as the sworn statements of Defendants Shirley B. Somerman and Brian Somerman (see Exhibit 2 and Exhibit 3), diversity of citizenship jurisdiction is satisfied, and the State Court Action may be removed to this Court.

## The Forum-Defendant Rule is Inapplicable

17. The instant action is removable solely on the basis of diversity of citizenship jurisdiction under 28 U.S.C. § 1332.

18. The Forum-Defendant Rule (28 U.S.C. § 1441(b)(2)) does not bar removal because no properly joined and served Defendant is a citizen of the Commonwealth of Pennsylvania.

19. As evidenced by the attached Affidavits, Defendants Shirley B. Somerman and Brian Somerman are domiciled in and citizens of the State of Florida, and The Shirley B. Somerman Revocable Declaration of Trust is also a citizen of the State of Florida. See Exhibits 2, 3, and 4.

20. The Plaintiff's mere recitation of a prior Pennsylvania mailing address in the Complaint's caption, or the routine mailing of rent checks to that address, is not conclusive evidence of domicile or state citizenship, and is refuted by the facts known to Plaintiff. While the underlying commercial lease agreement, which is the subject of the Complaint, required Plaintiff to send rent checks to the former Pennsylvania address (6207 Lilac Court, Lansdale, PA 19446), the Plaintiff had previously sent checks to the Florida address after being told that Florida is Shirley B. Somerman's legal address, and as recently as April 2025. This fact further demonstrates Plaintiff's actual knowledge that the Florida address is the operative legal domicile.

21. Therefore, despite the fact that Defendant Shirley B. Somerman has been served, she is a non-forum defendant, and the action is properly removed.

### **This Notice Of Removal Has Been Timely Filed**

22. 28 U.S.C. § 1446(b) provides: The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

23. Although Plaintiff has not yet served a copy of the Complaint on all Defendants, Defendant Brian Somerman received a copy of the Complaint on September 15, 2025.

24. This Notice of Removal is timely filed within the thirty day period after the receipt by Defendant Brian Somerman of a copy of the Plaintiff's Complaint.

### **Venue Is Proper In This Court**

25. Pursuant to 28 U.S.C. § 1441(a), venue is proper in this Court as this is the district embracing the place where the State Court Action is pending.

### **Notice**

26. As required by 28 U.S.C. § 1446(d), the undersigned hereby certifies that promptly after this Notice of Removal is filed, written notice thereof shall be given to all adverse parties, and a copy of this Notice of Removal shall be filed with the clerk of the State Court in which the State Court Action is pending, namely, the Philadelphia County Court of Common Pleas.

WHEREFORE, removal of this action from State court to this Court is proper under 28 U.S.C. §§ 1332, 1441 and 1446.

                                            WHITMAN, LLC

Dated: October 14, 2025                                //s// William M. Whitman
                                                                                      William M. Whitman
                                                                                      1210 N. Bethlehem Pike
                                                                                      Suite B-8, No. 1050
                                                                                      North Wales, PA 19454
                                                                                      (610) 572-2860
                                                                                      will@whitmanllc.com

                                                                                      Attorneys for Defendants